IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 9314 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CITY OF CHICAGO HEIGHTS, FRED | ) | |
| SERRATO, HANK VEGA, JOSEPH | ) | |
| PETRARCA, CHARLES A. GUILIANI, | ) | |
| JR., THOMAS ROGERS, and MELISSA | ) | |
| SERRATO, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Rhonda Green filed a 12-count amended complaint against defendants Hank Vega, Thomas Rogers, Charles A. Guiliani, Jr. (the "Officer" defendants), Fred Serrato, Melissa Serrato and the City of Chicago Heights ("City"), alleging violations of 42 U.S.C. §1983, violations of state and federal constitutional rights, and conspiracy. Counts II and III allege §1983 claims of deprivation of First Amendment rights. Count II alleges that defendants retaliated against plaintiff for her attempt to petition the government for a redress of grievances under the First Amendment. Count III alleges that defendants retaliated against plaintiff for exercising her right to free speech guaranteed in the First Amendment. The Officer defendants have filed a "partial motion to dismiss" Counts II and III of plaintiff's First Amended Complaint for failure to state a claim, in which Fred and Melissa Serrato have joined.[1] The City also has filed a motion to dismiss the claims for municipal liability against the City in Count XII in the

---

[1] These defendants also moved to dismiss Count IV (an equal protection claim), which plaintiff has agreed to dismiss.

event the court dismisses Counts II and III. For the reasons stated below, defendants' motions to dismiss Counts II, III, and XII are denied.

# FACTS[2]

On November 22, 2010, plaintiff, a trained police officer with the Harvey, Illinois, Police Department, drove to St. James Professional Building in Chicago Heights for an appointment. While backing into a parking spot, defendant Melissa Serrato ("Mrs. Serrato) began to yell that plaintiff had almost hit her with her car and banged on the rear driver's side of plaintiff's car. After each party had exchanged finger points to the face, Mrs. Serrato slapped plaintiff's hand. Mrs. Serrato then proceeded to shove plaintiff causing a struggle to ensue. Plaintiff restrained Mrs. Serrato by leaning her up against another car. Defendant Fred Serrato ("Officer Serrato"), an off-duty Chicago Heights police officer and Mrs. Serrato's husband, then joined the struggle and pushed plaintiff off of his wife. Plaintiff fell to the ground and Officer Serrato began to kick and stomp plaintiff in the stomach, groin, and thigh. After more blows to her abdomen area, Officer Serrato told plaintiff "stay down, I'm a cop." Plaintiff then informed Officer Serrato that she too was a police officer, causing an end to the blows. Officer Serrato also damaged plaintiff's car in the struggle.

When the struggle had ended, plaintiff informed Officer Serrato that she intended to file a complaint and pursue criminal charges against him, to which he replied, "Go ahead, this is my town." Officer Serrato continued to threaten plaintiff into not making a complaint in a number of ways. After hearing these threats, plaintiff called 911. Defendant officer Hank Vega was the

---

[2]The following facts are taken from plaintiff's First Amended Complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir.1995).

first officer on scene and conversed with Officer Serrato. Vega approached plaintiff and encouraged her to simply work out any differences with Officer Serrato. Plaintiff informed Vega that she wanted to file criminal charges and a formal citizen's complaint against Officer Serrato. Vega did not attempt to get a full recitation of what happened from plaintiff, nor did he take a statement from her or fill out an incident report form.

Later that evening, plaintiff went to the police department ("Department") to file a complaint against Officer Serrato. There she first encountered Vega, and she requested to speak to a supervisor. Plaintiff then spoke with defendant Sergeant Joseph Petrarca, who told plaintiff to talk to defendant Commander Charles Guiliani in the morning and left. Plaintiff then returned to Vega and attempted to file a criminal complaint. Vega briefly looked at plaintiff's car, but did not take down the license plate number, and failed to provide plaintiff with an incident report number in reference to her complaint.

Plaintiff called Guiliani the next morning. Guiliani reported that he had "heard" of the incident, but told plaintiff the investigation was already closed and that there would be no further actions regarding her criminal complaint. Guiliani then told plaintiff that she was listed as the "offender" in the report. Plaintiff contends that Guiliani and the other Officer defendants knew that listing plaintiff as the offender would burden her efforts to file a complaint.

Plaintiff then filled out a Chicago Heights "Citizen Complaint Form," against Officer Serrato alleging excessive force, battery, and criminal damage to vehicle. The complaint arrived at the Department on December 1, 2010. That same day, defendant Detective Thomas Rogers called plaintiff, and she again expressed her desire to complain criminally and civilly against Officer Serrato. Rogers told plaintiff that an investigation would be undertaken.

3

That same day, one or more defendants instituted criminal charges against plaintiff, alleging that she had committed battery. Plaintiff received no notice that a criminal charge had been filed. It was not until six months later that plaintiff learned about the charges, after a police officer told her daughter that a warrant was out for plaintiff's arrest. Plaintiff then drove to the Department to pay her bond. On the way she spoke with Rogers about how, if what he had previously told her was true, there could be a criminal complaint filed against her. Plaintiff hired a criminal defense attorney to deal with these charges, and ultimately a three-day trial before a jury was held. At trial, Officers Vega and Serrato, along with Mrs. Serrato, testified against plaintiff. The jury acquitted plaintiff of the charges on October 3, 2012.

Plaintiff also alleges that the Chicago Heights Police Department, as a matter of policy, encourages its officers and employees to engage in misconduct by using excessive force, conspiring to hide that excessive force, preventing and suppressing complaints of misconduct, and using criminal prosecution to further punish those who attempt to complain while simultaneously working to insulate officers from formal investigation into their misconduct. She alleges policymakers for the City of Chicago Heights know of, and have ratified, these unlawful policies.

## DISCUSSION

**1.      Motion To Dismiss Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the court thus accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 555 (quoting Fed.R.Civ.P. 8(a)(2)). In addition, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed.2004)); see Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009) (explaining that Twombly's pleading principles apply in all civil actions).

2.     **First Amendment Retaliation Legal Standard**

A plaintiff must allege three elements to assert a First Amendment retaliation claim: (1) she engaged in activity protected by the First Amendment; (2) the protected action was a but-for cause of the defendant's action; and (3) she suffered a deprivation because of the defendant's action. See Gross v. Town of Cicero, Ill., 619 F.3d 697, 704 (7th Cir. 2010) (citing Kodish v. Oakbrook Terrace Fire Protection Dist., 604 F.3d 490, 501 (7th Cir. 2010)).[3] In addition, when retaliation is claimed, a complaint must set forth "a chronology of events from which retaliation may plausibly be inferred." Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000) (quoting Cain v. Lane, 857 F.2d 1139,1143 n. 6 (7th Cir. 1987)).

---

[3] Both plaintiff and defendants cited the "motivating factor" test for causation in First Amendment retaliation cases in their respective briefs. Recent Supreme Court and Seventh Circuit precedent, however, has clarified that the standard of causation in these cases is "but-for" causation. Kodish, 604 F.3d at 501 (citing Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177, 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119 (2009) and Fairley v. Andrews, 578 F.3d 518, 526 (7th Cir. 2009)).

**3.     Count II**

Plaintiff alleges that the defendant officers and Mrs. Serrato's conduct was taken in retaliation for her attempt to petition the government for a redress of grievances under the First Amendment. Defendants have moved to dismiss Count II because it fails to state a claim in accordance with applicable law.

Defendants argue that plaintiff has not alleged sufficient facts to support a §1983 claim for petition clause retaliation. Defendants contend that an investigation of the events described in the complaint did take place, but that plaintiff is simply not satisfied with the outcome. Defendants also argue that plaintiff failed to present a plausible chronology of events from which retaliation may be inferred.

Taking into account that the facts alleged in the amended complaint must be accepted to be true, plaintiff has properly alleged all necessary elements of a §1983 claim for petition clause retaliation. First, she engaged in an activity, petitioning the government, which is clearly protected under the First Amendment. The second element, causation, is decided using the "but-for" test. Plaintiff alleges that but-for the plaintiff's attempt to petition the government, defendants would not have taken the actions they did against her. The complaint details several instances of a responsive action by defendant officers after plaintiff pursued her right to petition. For example, plaintiff alleges that defendant officers filed criminal charges against plaintiff after she pursued her complaint against Officer Serrato. Regarding the third element, plaintiff states that defendant officers took steps to prevent her from filing a complaint against Officer Serrato. Defendants argue that a depravation never took place because plaintiff spoke with several officers and had a full opportunity at her criminal trial to further state her case. Defendants also

argue that plaintiff does not allege that she was prevented from making any report or presenting any defense of her actions related to the incident.

The Supreme Court has addressed this type of contention, holding that "official reprisal for protected speech 'offends the Constitution [because] it threatens to inhibit exercise of the protected right,' and the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." Hartman v. Moore, 547 U.S. 250, 256, 126 S. Ct. 1695, 1701, 164 L. Ed. 2d 441 (2006) (quoting Crawford–El v. Britton, 523 U.S. 574, 588, n. 10, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)). Defendant officers listed plaintiff as the offender in the police report in an effort to make it harder for her to pursue charges against Officer Serrato. One or more defendants also brought charges against plaintiff in an effort to pressure plaintiff not to pursue any further action. These actions have the effect of showing a pattern of retaliatory actions each time plaintiff attempted to petition the government. The court finds that the complaint sufficiently alleges that plaintiff suffered a deprivation.

The court also finds that the amended complaint has alleged a plausible chronology of events from which retaliation can be inferred. First, when plaintiff attempted to file a complaint against Officer Serrato, Vega did not take a statement or fill out an incident report form. Second, when plaintiff again spoke with Vega, he did not actually make a report in reference to her complaint and failed to give plaintiff an incident report number. Third, when plaintiff spoke with Guiliani, he told her that she was listed as the offender in the official report. Finally, the same day she filed a citizen complaint against Officer Serrato, charges were brought against her by one or more defendants. The court therefore denies defendants' motion to dismiss Count II.

7

**4.     Count III**

Plaintiff alleges that defendant officers and Mrs. Serrato's conduct was taken in retaliation for her attempt to voice her opinion of Officer Serrato's conduct. Defendants have moved to dismiss Count III because it fails to state a claim in accordance with applicable law. Defendants argue that plaintiff has not alleged sufficient facts to support a §1983 claim for speech clause retaliation. Defendants contend that plaintiff has not alleged that she was prevented from voicing her version of the events of the incident at any time. Defendants also argue that plaintiff failed to present a plausible chronology of events from which retaliation may be inferred.

Taking into account that the facts alleged in the amended complaint must be accepted to be true, plaintiff has properly alleged all necessary elements of a §1983 claim for speech clause retaliation. First, she engaged in an activity, free speech, which is clearly protected under the First Amendment. The second element requires plaintiff to plead "but-for" causation. Plaintiff alleges that but-for her attempts to exercise her right to free speech, she would not have faced the adversity brought upon her by defendants. For example, when plaintiff filed a citizen complaint, one or more of the defendants filed charges against her. It is therefore plausible that defendant officers would not have filed the charges if plaintiff had not filed her complaint.

Regarding the final element of the test, plaintiff states that the defendant officers took steps to prevent her from filing a complaint against Officer Serrato. Defendants argue that there was no deprivation designed to deter plaintiff from speaking freely, and that plaintiff was never held in custody or arrested in connection with the November 22 incident. The defendant officers, however, listed plaintiff as the offender in the police report in an effort to make it harder

for her to pursue charges against Officer Serrato. The officers also brought charges against plaintiff in an effort to pressure plaintiff not to pursue any further action. These actions have the effect of showing a pattern of retaliatory actions each time Plaintiff attempted to exercise her right to free speech. Finally, as stated above, the court finds that the amended complaint has alleged a chronology of events that plausibly infers retaliation. The court therefore denies defendants' motion to dismiss Count III.

## CONCLUSION

For the reasons set above, defendants' motion to dismiss Counts II and III is denied. Consequently, the City's motion to dismiss Count XII is also denied. Count IV is dismissed by agreement of the parties. The respective defendants are directed to answer Counts II, III, and XII on or before June 26, 2013. The parties are directed to file a Joint Status Report using this court's form on or before June 28, 2013. The status report previously set for June 11, 2013, is continued to July 2, 2013, at 9:00 am.

**ENTER:** June 7, 2013

*[signature]*

**Robert W. Gettleman**
**United States District Judge**

9